IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEE ANN DOSS, et al.                                                                                         PLAINTIFFS

v.                                        Case No. 4:14-cv-04007

AMERICAN FAMILY
HOME INSURANCE COMPANY                                                                        DEFENDANTS

**ORDER**

      Plaintiffs Lee Ann Doss and B.G. Peavy, individually and on behalf of all others similarly situated, filed this action in Arkansas state court for breach of contract and unjust enrichment on November 25, 2013, and an Amended Complaint was filed on December 3, 2013. (ECF No. 1). The Defendant American Family Home Insurance Company ("American Family") removed the case to this court. (ECF No. 1). Plaintiffs' Motion to Remand (ECF No. 24) was denied. Now pending before the Court is Defendant's Motion for Judgment on the Pleadings. (ECF No. 20). The Court finds this matter ripe for consideration.

      American Family argues that the Plaintiffs' claim is time barred under the applicable statutes of limitations. Thus, American Family argues, the Complaint fails to state a claim upon which relief can be granted, and the same should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs respond that the action is tolled because they have adequately pled a claim for fraud. For reasons reflected herein, Defendant's Motion for Judgment on the Pleadings (ECF No. 20) is GRANTED.

I. Background

The named Plaintiffs, Lee Ann Doss and B.G. Peavy ("Doss and Peavy"), were under a homeowner's insurance policy issued by the Defendant American Family Home Insurance Company ("American Family"). Doss and Peavy suffered a covered loss to their insured property on August 13, 2008. On October 17, 2008, American Family estimated the cost to repair the property at $5,330.95, a total that included the cost of labor and materials. American Family paid Doss and Peavy the "actual cash value" of their loss, which was $4,620.77 after subtracting depreciation and the amount of the deductible. The depreciated amount included both the cost of labor and materials. Doss and Peavy, in their Amended Complaint, argue that Arkansas law prohibits an insurance company from depreciating the cost of labor. Therefore, by depreciating this cost, Plaintiffs claim that American Family (1) breached its contract with Plaintiffs and (2) was unjustly enriched.

II. Discussion

Federal Rule of Civil Procedure 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985) (quotation omitted). Accordingly, the Court "accept[s] as true all facts pleaded by the

non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted).

This is a case where it is plain from the face of the complaint that the action is time barred unless Plaintiff can plead and prove a basis for tolling the limitations period. Because this case arises under diversity jurisdiction, the Court will apply Arkansas tolling law and federal procedural law. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). Under Arkansas law, a breach of contract claim arising out of a written contract is subject to a five-year statute of limitations. Ark. Code. Ann. § 16-56-111(b); *Chalmers v. Toyota Motor Sales, USA Inc.*, 935 S.W.2d 258, 261 (Ark. 1996). Unjust enrichment carries a three-year statute of limitations. Ark. Code. Ann. § 16-56-105. These statutes begin running on the date the breach or injury occurs, not when it is discovered, unless the limitations period is tolled. *Chalmers*, 326 Ark. at 901. Both breach of contract and unjust enrichment, as alleged by the Plaintiffs, would have occurred at the time American Family allegedly required the Plaintiffs to pay more than what they should have paid in accordance with their contract, October 17, 2008. Because more than five years have passed from that time until this action was filed, both the breach of contract and unjust enrichment claims should normally be dismissed due to the running of the limitations period for such claims.

However, the applicable statutes of limitations may be tolled on the basis of fraudulent concealment. Once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the Plaintiff to prove that the limitation period was in fact tolled. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880-81 (8th Cir. 2011) (citing *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010) (applying Arkansas law)). The Plaintiffs'

burden here is preponderance of the evidence. *First Pyramid Life Ins. Co. of Am. v. Stoltz*, 311 Ark. 313, 317-18, 843 S.W.2d 842, 844 (1992). In order to toll a limitation period on the basis of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Paine*, 594 F.3d at 992 (quotation omitted).

This Court finds that the Plaintiffs have not shown by a preponderance of the evidence that the Defendant's failure to disclose the Plaintiffs' rights under Arkansas law is the type of "affirmative and fraudulent act[] of concealment" required to toll statutes of limitations in Arkansas. The "classic language on point" in Arkansas regarding fraud sufficient to toll the statute of limitations is as follows:

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself.

*First Pyramid*, 311 Ark. at 319, 843 S.W.2d at 845 (quoting *Wilson v. GECAL*, 311 Ark. 84, 841 S.W.2d 619 (1992) (citations omitted)). While the Plaintiffs have pled that the Defendant's actions were dishonest, there is no allegation in the Amended Complaint of anything that was so "furtively planned and secretly executed" that would prevent the Plaintiffs from discovering the cause of action within the limitations period because it was "perpetrated in a way that it conceals itself." Therefore, the Plaintiffs fail to show by a preponderance of the evidence that their allegations rise to the level of fraud required to toll the statute of limitations in Arkansas.

Alternatively, Plaintiffs' allegations are insufficient to toll the statue of limitations because they fail to allege when and how the fraud was discovered. "Fraud suspends the running of the

statute of limitations . . . until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Martin v. Arthur*, 3 S.W.3d 684, 687 (Ark. 1999) (quotation omitted). Part of the Plaintiffs' burden is to show that they could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, as well as affirmatively plead when and how the fraud was discovered. *See Summerhill*, 637 F.3d at 880-81 (citing *Wood v. Carpenter*, 101 U.S. 135, 140-41 (1879) ("If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner. . . . The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence.")).

Plaintiffs' conclusory allegation that "[b]ecause of Defendant's actions, Plaintiffs and other Class Members could not have known they had been underpaid on their claims through the exercise of due diligence" does not reveal why they could not discover the fraud, when it was discovered, or the manner by which it was discovered. There is no demonstration of why the exercise of diligence would not have revealed the fraud within the limitations period. In fact, Plaintiffs allege that it is consistent with "longstanding legal principles[] that materials are subject to depreciation while labor is not." (ECF No. 5 ¶17). Additionally, by failing to allege when and how they discovered American Family's alleged fraud, Plaintiffs have failed to plead sufficient facts to demonstrate that fraudulent concealment would toll the time period sufficiently to save their otherwise time-barred claims. *See Summerhill*, 637 F.3d at 880-81; 51 Am. Jur.2d Limitation of Actions § 184 ("One may not avoid the effect of the statute of limitations on the ground of fraudulent concealment if he or she fails to plead or offer evidence as to when he or she discovered the alleged fraud.").

5

III.  Conclusion

The Plaintiffs have not sufficiently pled fraud to toll the statute of limitations.  Therefore, the Plaintiffs' claims are hereby DISMISSED as time barred.

**IT IS SO ORDERED**, this 25th day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge